**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                    Case No.: 3:20-bk-01311-JAF

DIVERSIFIED CONSULTANTS, INC.,              Chapter 7

        Debtor.
_____/

**TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT**
**WITH E-OSCAR-WEB**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202 within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

      Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through undersigned counsel and pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9019, moves the Court for entry of an Order in the form attached hereto as **Exhibit A**, approving the settlement agreement described herein by and between the Trustee and E-Oscar-Web ("EOW"). In support thereof, the Trustee states as follows:

56502313;1

**Background**

1. On April 17, 2020 (the "Petition Date"), Diversified Consultants, Inc. (the "Debtor") filed a voluntary petition for relief (the "Petition") (Doc. 1) under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Diversified Consultants, Inc.*, Case No: 3:20-bk-01311-JAF (the "Bankruptcy Case").

2. On June 12, 2020, the Debtor filed a Motion to Convert Case to Chapter 7 and on June 17, 2020 the Court entered an Order Converting Case to Chapter 7.

3. On June 17, 2020, the Trustee was appointed Chapter 7 Trustee in the Bankruptcy Case.

4. The Debtor formerly operated as an accounts receivable collection agency for various third parties, including several large telecommunications providers.

5. Prior to the Petition Date, EOW provided the Debtor online data processing services.

6. Within the 90-day period prior to the Petition Date, the Debtor made nine (9) payments totaling $45,000 to EOW (collectively, the "Payments") on account of an antecedent debt owed by the Debtor to EOW (each, a "Transfer").

7. The Trustee has asserted that each Transfer constitutes an avoidable transfer under 11 U.S.C. § 547, and the Trustee is entitled to file a lawsuit against EOW to avoid each Transfer and recover the Payments for the benefit of the Debtor's bankruptcy estate.

8. EOW disputes the Trustee's claims related to the Payments and the Transfers and asserts, *inter alia*: (i) EOW provided new value to the Debtor after receipt of the Transfers in an amount not less than $33,332.80, and is entitled to credit new value against its liability, pursuant

to 11 U.S.C. § 547(c)(4), and (ii) EOW provided value to the Debtor's estate after the Petition Date in the amount of $7,455, and could request payment of an administrative claim for that amount pursuant to 11 U.S.C. § 503(b)(1), which claim should be considered in the context of EOW's overall liability to the bankruptcy estate.

## Terms of Settlement Agreement

9.  The Trustee and EOW have agreed to a settlement of claims with respect to the Payments, Transfers, and any other claims the Trustee could assert against EOW under Chapter 5 of the Bankruptcy Code (the "Settlement Agreement"), whereby:

   a. Within five (5) business days of an Order approving this Settlement Agreement becoming final and non-appealable, EOW shall pay the Trustee $6,725 (the "Settlement Payment") by check payable to "Aaron R. Cohen, Trustee" and mailed to Aaron Cohen, Chapter 7 Trustee, P.O. Box 4218, Jacksonville, FL 32201-4218.

   b. The Settlement Payment shall be property of the Debtor's bankruptcy estate, free and clear of all liens, claims, and encumbrances, and distributed by the Trustee in accordance with the provisions of 11 U.S.C. § 726.

   c. EOW shall have an allowed general unsecured nonpriority claim in the amount of $6,725 pursuant to section 502(h) of the Bankruptcy Code (the "502(h) Claim") and shall file a proof of the 502(h) Claim in the Bankruptcy Case.

   d. Upon timely payment by EOW of the Settlement Payment, the Trustee, the Debtor, the bankruptcy estate, and their heirs, successors, and assigns on the one hand, and EOW, its heirs, successors and assigns on the other hand, in consideration of the premises herein contained and other good and valuable

consideration, the receipt and sufficiency of which are hereby acknowledged, hereby release and discharge each other, their agents, officers, directors, attorneys, employees, affiliates, successors and assigns, jointly and severally, from any and all manner of action and actions, cause or causes of action, suits, debts, sums of money, accounts, covenants, contracts, controversies, obligations, liabilities, agreements, promises, expenses, damages, claims or demands of every nature and kind whatsoever, if any, at law or in equity, whether now accrued or hereafter maturing and whether known or unknown that they now have or hereafter can, shall, or may have by reason of any matter, cause or thing, since the beginning of time through in connection with this Bankruptcy Case, the Payments, the Transfers, or EOW's provision of online data processing services to Debtor, except for their respective rights and obligations under this Settlement Agreement.

## **Basis for Relief**

10. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for approving a compromise or settlement is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). The Eleventh Circuit explained that bankruptcy courts must consider the following factors in evaluating a proposed settlement:

   a. The probability of success in the litigation;
   b. The difficulties, if any, to be encountered in the matter of collection;
   c. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
   d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

11. The Trustee has considered each of the *Justice Oaks* factors and has concluded that the Settlement Agreement adequately balances the risks of litigation, eliminates the related expense and delay, and helps ensure that the bankruptcy estate will realize at least $6,725 from its claims arising from the Transfers. The Trustee, in exercising his business judgment, believes approval of the Settlement Agreement is in the best interest of the creditors and the bankruptcy estate.

12. Due to the costs and time involved with litigating the estate's claims related to the Transfers and Payments, the Trustee believes the Settlement Agreement is reasonable and recommends it to the creditors of the estate because such litigation could yield less than what creditors will receive as a result of this Settlement Agreement.

WHEREFORE, the Trustee respectfully requests the Court enter an order in the form attached as **Exhibit A** approving this Settlement Agreement and granting such other and further relief as the Court deems just and proper.

Dated: February 23, 2021                    AKERMAN LLP

                                          By: */s/ Jacob A. Brown*
                                               Jacob A. Brown
                                               Florida Bar No.: 0170038
                                               Email: jacob.brown@akerman.com
                                               Katherine C. Fackler
                                               Florida Bar No.: 68549
                                               Email: katherine.fackler@akerman.com
                                               50 North Laura Street, Suite 3100
                                               Jacksonville, FL  32202
                                               Telephone:  (904) 798-3700
                                               Facsimile:  (904) 798-3730

                                        Attorneys for Aaron R. Cohen, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

In accordance with the Court's Order Limiting Notice and Establishing Noticing Procedures (Doc. 89), I hereby certify that on February 23, 2021, the foregoing was filed with the Clerk of the Court via the Court's CM/ECF system, which will send a notice of electronic filing to all creditors and parties in interest who have consented to receiving electronic notices in this case and sent by electronic mail to any creditor or party-in-interest who has provided such information to the Trustee or his counsel.

*/s/ Jacob A. Brown*
Attorneys for Trustee

56502313;1

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

In re:                                                          Case No.: 3:20-bk-01311-JAF

DIVERSIFIED CONSULTANTS, INC.,          Chapter 7

       Debtor.
_____/

**ORDER APPROVING TRUSTEE'S SETTLEMENT AGREEMENT**
**WITH E-OSCAR-WEB**

THIS CASE came before the Court upon the Motion (the "Motion")[1] of Aaron R. Cohen, as Chapter 7 Trustee, for entry of an Order approving the Settlement Agreement by and between the Trustee and E-Oscar-Web. There being no objection to the Motion after proper notice to interested parties pursuant to Local Bankruptcy Rule 2002-4 on February 23, 2021, it is

**ORDERED**:

1. The Motion is **GRANTED**.

2. The Settlement Agreement is **APPROVED** and is fully enforceable in all respects. The Trustee and EOW shall comply with all terms of the approved Settlement Agreement.

3. Within five (5) days this Order becoming final and non-appealable, EOW shall pay the Trustee the Settlement Payment ($6,725) by check payable to "Aaron R. Cohen, Trustee" and mailed to Aaron Cohen, Chapter 7 Trustee, P.O. Box 4218, Jacksonville, FL 32201-4218.

---

[1] Defined terms from the Motion are incorporated by reference herein.

56503693;1

**Exhibit A**

2

4.     The Settlement Payment shall be property of the Debtor's bankruptcy estate, free and clear of all liens, claims, and encumbrances, and distributed by the Trustee in accordance with the provisions of 11 U.S.C. § 726.

5.     EOW shall have an allowed general unsecured nonpriority claim in the amount of $6,725 pursuant to section 502(h) of the Bankruptcy Code and shall file a proof of the 502(h) Claim in the Bankruptcy Case.

6.     Upon timely payment by EOW of the Settlement Payment, the Trustee, the Debtor, the bankruptcy estate, and their heirs, successors, and assigns on the one hand, and EOW, its heirs, successors and assigns on the other hand, in consideration of the premises herein contained and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby release and discharge each other, their agents, officers, directors, attorneys, employees, affiliates, successors and assigns, jointly and severally, from any and all manner of action and actions, cause or causes of action, suits, debts, sums of money, accounts, covenants, contracts, controversies, obligations, liabilities, agreements, promises, expenses, damages, claims or demands of every nature and kind whatsoever, if any, at law or in equity, whether now accrued or hereafter maturing and whether known or unknown that they now have or hereafter can, shall, or may have by reason of any matter, cause or thing, since the beginning of time through in connection with this Bankruptcy Case, the Payments, the Transfers, or EOW's provision of online data processing services to Debtor, except for their respective rights and obligations under this Settlement Agreement.

Attorney Jacob A. Brown is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

**Exhibit A**